IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| SUSAN E. PATTISHALL, | |
|     Plaintiff, | |
| v. | CIVIL ACTION NO. 1:18-cv-01396-LO-MSN |
| VINTON G. CERF, *et al.*, | |
|     Defendants. | |

## MEMORANDUM IN SUPPORT
## OF DEFENDANT VINTON G. CERF'S MOTION TO DISMISS

### INTRODUCTION

Plaintiff Susan E. Pattishall ("Plaintiff") filed a Complaint for the Conversion of Property against Defendants Vinton G. Cerf and Robert E. Kahn (together, "Defendants"). In the Complaint, Plaintiff sets forth a facially implausible story about the 1980 theft of an ill-defined set of documents that Plaintiff refers to variously as a "manuscript and other essays," a "philosopher's stone," and a "magnum opus." *See, e.g.*, Compl. § III(A), at 5. The Complaint describes an apparent chance encounter between Plaintiff and Defendants decades ago in a pizza parlor in Norfolk, Virginia, where two strangers (allegedly, Defendants) tricked Plaintiff into leaving her manuscript and other essays in a car by offering her a ride home on a rainy evening. Compl. § III(C), at 6. Plaintiff goes on to allege that Defendants sold the documents to spies and hostile foreign countries, among others. Compl. §§ II(C)-III(A), at 5. She also alleges that she only learned of Defendants' identities 38 years later when she saw their pictures on Wikipedia.[1]

---

[1] This allegation itself is contradicted by Plaintiff's prior complaint filed in *Pattishall v. Cerf, et al.*, No. 1:18-cv-02968-RDB (D. Md. Sept. 26, 2018), Compl. ¶ 11, ECF No. 1, in which Plaintiff stated unequivocally that "[b]oth men told me their actual names . . . ."; *see also Davis*

Compl. § III(C), at 6. The supposed factual basis of the Complaint includes allegations derived from Plaintiff's purported "clairaudient" ability to hear Defendants speaking beyond the range of normal perception. Compl. § IV, at 7-8; *see also Merriam-Webster*, "Clairaudience" ("[T]he power or faculty of hearing something not present to the ear but regarded as having objective reality."). Even when construed liberally, Plaintiff's allegations lack facial plausibility and fail to state a claim upon which relief can be granted. *See* Compl. §§ II(C), at 5; IV, at 7-8. Therefore, the Complaint should be dismissed in its entirety, with prejudice.

## ARGUMENT

### I. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court, however, "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Therefore, "[d]etermining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (alterations omitted). And while *pro se* filings are construed liberally in the Fourth Circuit, *see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), "generosity is not fantasy." *Bender v. Suburban*

---

*v. White*, No. 4:16-CV-18, 2017 WL 6273488, at *19 (E.D. Va. Dec. 8, 2017), *aff'd sub nom. RONNIE DAVIS, on behalf of himself & all others similarly situated, Plaintiff - Appellant, v. SAMUEL I. WHITE, P.C., Defendant - Appellee.*, No. 18-1467, 2019 WL 258681 (4th Cir. Jan. 17, 2019) ("A court may take judicial notice of docket entries, pleadings and papers in other cases without converting a motion to dismiss into a motion for summary judgment.").

*Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir. 1998).

Accordingly, to survive a motion to dismiss, the Complaint in this case must not only set forth each element of any viable legal theories advanced, but it must also allege facts within a context that allows this Court, applying judicial experience and common sense, to reasonably infer that Defendants are liable for the misconduct alleged. The Complaint does not meet this standard.

## II. PLAINTIFF'S CLAIMS ARE FACIALLY IMPLAUSIBLE

When subjected to a context-specific review, the allegations in the Complaint cannot lead to any reasonable inference that Defendants converted or copied any of the constituent elements of the manuscript and other essays. In addition to being founded on Plaintiff's purported clairaudience, rumors, and speculation, the Complaint does not reveal why any of the following would be plausible:

- Defendants inexplicably discovered that a college student authored an unpublished manuscript and other essays touching on a special philosophical theory of relativity, devised a scheme to steal the documents through a chance encounter, and then, in the intervening decades, accumulated wealth by disseminating the documents for use in books by author Dan Brown, a video production about the galaxy, and by spies and hostile foreign countries, among others.

- Defendants used Plaintiff's manuscript and other essays to achieve fame and publicity over the course of 38 years and yet Plaintiff fails to provide any non-conclusory allegations about any substantially similar work of Defendants or others alleged to possess the manuscript and other essays.

By Plaintiff's own account, the content and existence of the manuscript and other essays were known only to Plaintiff at the time of the alleged conversion in 1980. There are no plausible factual allegations to support when, how, or from whom Defendants could possibly have learned of Plaintiff's manuscript and other essays and set about on a supposed scheme to steal the documents and use, reproduce, distribute, or display them. The Complaint is equally devoid of any plausible factual allegations about any allegedly infringing works that were derived from the purportedly stolen documents. *See Home Design Servs., Inc. v. J.F. Schoch Bldg. Corp.*, No. 2:11CV574, 2012 WL 442008, at *4 (E.D. Va. Feb. 10, 2012) (noting that allegations that works were "copied largely or were exact duplicates of Plaintiff's copyrighted designs, fall far short of satisfying the pleading requirements of Rule 8(a), particularly considering that a primary purpose of the Rule is to put defendants on notice of their wrongdoing.") (quotations omitted). In short, the Complaint is facially implausible and it should be dismissed in its entirety, with prejudice.

## III.   PLAINTIFF'S CLAIM FOR CONVERSION IS BARRED BY THE STATUTE OF LIMITATIONS

Even if the Complaint were not facially implausible, Plaintiff's conversion claim falters from the start and should be dismissed with prejudice. In Virginia, a property owner alleging conversion has five years from the date of the theft to file a civil action. Va. Code § 8.01-243(B); *Bader v. Cent. Fid. Bank*, 245 Va. 286, 290 (1993) ("[T]he five-year period of limitations under § 8.01–243(B) is applicable to [plaintiff's] conversion claim . . . ."); *see also Miller v. Fruit of the Loom, Inc.*, 905 F.2d 1530 (4th Cir. 1990) (unpublished) (applying Va. Code § 8.01-243(B) and concluding that Virginia courts have declined to adopt a discovery rule for conversion claims).

Here, it is clear on the face of the Complaint that the five-year statute of limitations has

run on Plaintiff's conversion claim. Plaintiff alleges that her manuscript and other essays were stolen in the fall of 1980. Compl. § III(C), at 6. Plaintiff then delayed filing her conversion claim for over thirty years. Accordingly, Plaintiff's claim for conversion is time barred and should be dismissed with prejudice.

## IV. PLAINTIFF'S APPARENT CLAIM FOR COPYRIGHT INFRINGEMENT IS BARRED BY A FAILURE TO COMPLY WITH THE STATUTORY REQUIREMENTS OF THE COPYRIGHT ACT

While the allegations in the Complaint are difficult to parse, to the extent that Plaintiff seeks to allege copyright infringement, her claim should be dismissed outright for failure to comply with the statutory requirements of the Copyright Act. *Cf.* Compl. § II(C), at 5. Plaintiff fails to allege that she secured copyright registrations or preregistrations for any works supposedly infringed prior to the institution of this action as required by 17 U.S.C. § 411(a). The Copyright Act is clear that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Plaintiff similarly fails to allege that she deposited a proper application with the Copyright Office.[2] *See, e.g.*, *Phoenix Renovation Corp. v. Rodriguez*, 403 F. Supp. 2d 510, 514-15 (E.D. Va. 2005).

Although no longer grounds for dismissal for lack of subject matter jurisdiction, "the Copyright Act requires copyright holders to register their works before suing for copyright infringement." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010) (parenthetical

---

[2] In 2018, the United States Supreme Court granted *certiorari* in the case of *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 856 F.3d 1338 (11th Cir. 2017), *cert. granted*, 86 USLW 3647 (U.S. Jun. 28, 2018) (No. 17-571). *Fourth Estate* will address whether, under 17 U.S.C. § 411(a), a copyright owner may commence an infringement action after delivering the proper deposit, application, and fee to the Copyright Office, but before the Register of Copyrights has acted on the application for registration. Although the Supreme Court has not announced its decision, *Fourth Estate* is immaterial to this case because Plaintiff fails to allege that she either deposited a proper application to the Copyright Office or preregistered or registered any allegedly infringed works.

omitted); *see also Hawkins v. Fishbeck*, 301 F. Supp. 3d 650, 659 (W.D. Va. 2017) (dismissing a copyright infringement claim pursuant to Federal Rule 12(b)(6) because "[t]he registration requirement is an element of a cause of action for infringement that must be pleaded and proved by the plaintiff.") (quoting *Scott v. Carlson*, No. 2:17CV10011, 2017 WL 3599249 (W.D. Va. Aug. 21, 2017)). 17 U.S.C. § 411(a) expressly allows courts to adjudicate copyright infringement claims involving unregistered works in just three circumstances, none of which apply in this case: "where the work is not a U.S. work, where the infringement claim concerns rights of attribution and integrity under § 106A [concerning works of visual art], or where the holder attempted to register the work and registration was refused." *Reed Elsevier*, 559 U.S. at 165. "Separately, 17 U.S.C. § 411(c) permits courts to adjudicate copyright infringement actions over certain unregistered works [consisting of sounds, images, or both] where the author declares an intention to secure copyright in the work and makes registration for the work, if required by subsection (a), within three months after the work's first transmission." *Reed Elsevier*, 559 U.S. at 165 (quoting 17 U.S.C. § 411(c)(1)-(2)).

Here, because Plaintiff fails to allege that she preregistered, registered, or properly applied to register any supposedly infringed work with the Copyright Office, and because Plaintiff equally fails to allege any of the exceptions to 17 U.S.C. § 411(a), this Court should dismiss the Complaint.

## V. PLAINTIFF'S APPARENT CLAIM FOR COPYRIGHT INFRINGEMENT IS BARRED BY THE STATUTE OF LIMITATIONS

Plaintiff's apparent copyright infringement claim is barred by the three-year statute of limitations for civil actions under 17 U.S.C. § 507(b). "A cause of action for copyright infringement accrues when one has knowledge of a violation or is chargeable with

such knowledge." *Hotaling v. Church of Jesus Christ of Latter-Day Saints*, 118 F.3d 199, 202 (4th Cir. 1997).

Plaintiff alleges that Defendants openly used her writings to become rich and famous during "the past 38 years." *See, e.g.*, Compl. § III(A), at 5. For instance, the Complaint alleges that Defendants used the purportedly stolen documents to win "a peace prize" in the early 2000s from President George W. Bush. *See* Compl. § IV, at 8. Although Plaintiff alleges that she did not learn of Defendants' identities until "recently," this averment is directly contrary to Plaintiff's allegation in the prior action that "[b]oth men told me their *actual names* . . . ." *See supra* note 1 (emphasis added). Accordingly, Plaintiff was chargeable with knowledge of any alleged infringement by Defendants for far more than the three years that preceded the filing of this action. Those claims are untimely as a result. Moreover, the Complaint fails to set forth any non-conclusory allegations of infringement by Defendants within the past three years. The remainder of the Complaint's allegations regarding any alleged infringement are also well outside the three-year limitations period, fail to plausibly allege infringement, or both.[3] Therefore, Plaintiff's apparent claim for copyright infringement is barred by the statute of limitations.

## CONCLUSION

The Complaint is facially implausible and fails to state a claim upon which relief can be granted. For the foregoing reasons, Defendant Vinton G. Cerf respectfully moves this Court to enter an order dismissing the Complaint in its entirety, with prejudice, and granting him such other relief as this Court deems just and appropriate.

---

[3] For example, the Complaint alleges that Plaintiff is "under the impression" that Defendants sold the manuscript and other essays to Russian and Israeli spies in 1980, and that "it has been rumored" the allegedly stolen documents were sold to North Korea and China. *See* Compl. § II(C), at 5.

Respectfully Submitted,

VINTON G. CERF
By Counsel


/s/ James P. Miller
Bruce M. Blanchard, Esq. (VSB # 23378)
James P. Miller, Esq. (VSB # 89409)
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Tel:     703-218-2102 (Blanchard direct)
           703-218-2154 (Miller direct)
Fax:     703-218-2160
Bruce.Blanchard@ofplaw.com
Jim.Miller@ofplaw.com
*Counsel for Defendant Vinton G. Cerf*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 22, 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) to all counsel of record. I will then send the document and a notification of such filing (NEF) to the following party via U.S. mail:

Susan E. Pattishall
6 2nd Street
Crisfield, Maryland 21817
*Plaintiff Pro Se*

/s/ James P. Miller
Bruce M. Blanchard, Esq. (VSB # 23378)
James P. Miller, Esq. (VSB # 89409)
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Tel:   703-218-2102 (Blanchard direct)
       703-218-2154 (Miller direct)
Fax:  703-218-2160
Bruce.Blanchard@ofplaw.com
Jim.Miller@ofplaw.com
*Counsel for Defendant Vinton G. Cerf*